The People of Puerto Rico, Plaintiff and Appellee, *v.* Francisco Castillo, Defendant and Appellant.

No. 8592. Argued March 12, 1941.—Decided March 17, 1941.

*José R. Fournier,* for appellant; *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

Francisco Castillo was charged with carrying on his person "a curved-folding knife over 3 inches long, known as, *faca."* In the complaint it is alleged that the weapon was taken from him and presented to the court as evidence.

In the present appeal, filed against the sentence of 2 months in jail imposed on him by the District Court of Bayamón, the defendant-appellant alleges that said sentence is contrary to the evidence and to the law; that the trial court erred in pronouncing it because the weapon was neither identified nor offered in evidence; that it also erred in weighing the evidence.

From the transcript of evidence the following facts appear to have been proven beyond reasonable doubt:

On May 12, 1940, Mothers Day, a party was held in the house of Feliciano Nieves. Around 2 p.m. the defendant and two friends of his, Eleuterio Vázquez and Martín Castillo, arrived there and asked that some music be played so they could dance. When the owner of the house told them that it was a private family party, Martín Castillo fired two shots against the wall and Eleuterio Vázquez fired another two shots, one of which wounded Feliciano Nieves in the jaw. When Rafael Nieves intervened in defense of his father, the defendant Francisco Castillo wounded him with a knife, a *gulvia,* and then threw the weapon into the yard. The weapon was picked up and afterwards delivered to the Police. The five witnesses for the prosecution identified the knife or

*gulvia* which was presented to them at the trial as the weapon that had been brandished by the defendant and with which he had wounded Rafael Nieves.

It is true that from the record it does not appear that the weapon was formally offered in evidence by the district attorney, but as it appears that it was presented to the court jointly with the complaint "as evidence in the case", and that at the trial it was shown to all the witnesses, not only for the purposes of identification but also so that they would testify as to the use made of it by the defendant, without objection from the defense, we must decide that the weapon in question was duly identified and that its offering in evidence was not essential.

In the case of *People* v. *Romero,* 54 P.R.R. 594, the weapon was brought to this Court. In affirming the judgment we said:

" . . . It is a folding knife, because the blade folds into the handle. Measured from the part where the tang fits into the handle to the end (*People* v. *Peña,* 34 P.R.R. 72) the blade measures exactly three inches in length. It is curved, jack-knife style, and when folded the knife is about two inches wide. From its design it is clearly not a pen—or pocket-knife. In *People* v. *González,* 36 P.R.R. 47, 49, comparing the knife with pen—or pocket-knife, it was said, as to the latter:

" ' . . . pocket-knife (according to the dictionary) is an "instrument in the shape of a small razor for cutting pens" with which it is possible perhaps to cause bodily injury in unexpected circumstance, but whose multiple personal uses, entirely independent of offensive or defensive purposes, are the determining factors for usually carrying it.' (Words in parentheses supplied.)

"We know that electricians use folding knives like the one taken from the defendant to peel off the cover of electric wire when making a splice, but the record does not disclose that when the weapon was seized, defendant was using it for that purpose.

"In our judgment the weapon in question is not included in subdivision 3 of Section 5 of the Act to Prohibit the Carrying of Arms, of 1924, and is therefore a prohibited weapon."

248

██ All the witnesses examined in this case on refer-
ring to the knife shown to them for identification called it a
*gulvia*. This Court takes judicial notice that the knives gen-
erally known as *gulvias* are the same curved-folding knives
that are also known under the name of *facas;* and that the
so-called *gulvias* are not the pocket penknives the carrying of
which is allowed by subdivision 3 of Section 5 of the Act
of June 25, 1924 (Act 14 of 1924, p. 114).

The judgment appealed from must be affirmed.